PROB 12C
(4/19)

# United States District Court

## for

## District of New Jersey

## Amended Petition for Warrant or Summons for Individual Under Supervision

**Name of Individual Under Supervision:** Renata J. Harcum  **Docket Number:** 21-01139M-001
**PACTS Number:** 7558341

**Name of Sentencing Judicial Officer:**  THE HONORABLE MATTHEW SKAHILL
UNITED STATES MAGISTRATE JUDGE

**Date of Original Sentence:** 09/16/2021

**Original Offense:**   Count One: Marijuana - Possession, 21 U.S.C. § 844

**Original Sentence:** 12 months' probation

**Special Conditions:** Alcohol/Drug Testing and Treatment, Mental Health Treatment

**Type of Supervision:** Probation   **Date Supervision Commenced:** 09/16/2021

**Assistant U.S. Attorney:** Luke Wilson, Office of the Staff Judge Advocate, JBMDL, NJ 08640

**Defense Attorney:** Benjamin West, 22 South Clinton Avenue, Station Plaza 4, 4th Floor, Trenton, NJ 08609

## PETITIONING THE COURT

☐ To issue a warrant
☑ To amend the Petition signed by Your Honor on May 27, 2022, to include the addition of Violation Numbers 3 through 6

The probation officer believes that the individual under supervision has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The individual under supervision has violated the mandatory supervision condition which states **'You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.'** |
| | Ms. Harcum has tested positive for multiple substances since the start of her term of probation. She initially tested positive for marijuana and cocaine on December 8, 2021, which the Court was notified of via a report on December 13, 2021. On December 20, 2021, Ms. Harcum received a New Jersey Department of Health Medicinal Marijuana Program card (Patient ID 310576-36107P) to assist her with ongoing anxiety and depression stemming from a history of abuse. The Court was advised of this on January 10, 2022, and it was ordered that the medical marijuana card was approved for use and the suspension of drug testing for marijuana. |

Prob 12C – page 2
Renata J. Harcum

On February 7, 2022, the undersigned officer informed the Court, via a report, of Ms. Harcum's positive drug test for marijuana and cocaine, to which she admitted going on a "crack binge" for a number of days. During that time, she missed her outpatient substance abuse treatment sessions at Legacy Treatment Services for approximately two weeks.

On April 14, 2022, the undersigned officer informed the Court, via a report, of Ms. Harcum's positive drug test for marijuana and cocaine on April 1, 2022. Ms. Harcum admitted to using crack cocaine after spending time with a volatile ex-paramour.

On April 28, 2022, the undersigned officer conducted a visit to Oaks Integrated Care, where Ms. Harcum receives outpatient substance abuse and mental health treatment, and at that time, a drug test was conducted, which returned positive for marijuana and cocaine. Ms. Harcum's counselors at Oaks Integrated Care and the undersigned officer spoke with her about this use, and she advised she used her drug of choice, crack cocaine, due to various stressors in her life, specifically regarding the custody and care of her daughter.

2   The individual under supervision has violated the special supervision condition which states **'You must undergo treatment in a mental health program approved by the U.S. Probation Office until discharged by the Court. As necessary, said treatment may also encompass treatment for gambling, domestic violence and/or anger management, or sex offense-specific treatment, as approved by the U.S. Probation Office, until discharged by the Court. The U.S. Probation Office will supervise your compliance with this condition.'**

Ms. Harcum was referred to and began outpatient treatment at Legacy Treatment Services on October 4, 2021, shortly after commencing her term of probation. As noted prior, she missed a number of sessions related to drug use, and due to this increased use, the undersigned officer referred her to inpatient drug treatment at New Hope. Ms. Harcum successfully completed the inpatient rehabilitation program on March 2, 2022.

Ms. Harcum was then referred to an intensive outpatient program at Oaks Integrated Care, but due to her work schedule, she was unable to attend the intensive program. Ms. Harcum subsequently was enrolled in the outpatient treatment program at Oaks Integrated Care, receiving group substance abuse treatment twice a week and individual substance abuse counseling once per week. Upon the undersigned officer's visit to the treatment program on April 28, 2022, to check on Ms. Harcum's progress, it was ascertained that Ms. Harcum tested positive and a higher level of treatment would be necessary, despite her protestations, and increased individual sessions or even a return to inpatient treatment would be recommended.

On May 12, 2022, Ms. Harcum called the undersigned officer to advise that she was currently at the walk-in crisis center at Virtua Hospital in Willingboro, NJ. She informed that she checked herself in because she did not "feel safe" and she "needed help." The undersigned officer inquired if she had used any substances

Prob 12C – page 3
Renata J. Harcum

and Ms. Harcum noted that she did; when asked if it was crack cocaine, she confirmed this. The undersigned officer instructed Ms. Harcum to call back once an assessment was made by a crisis center worker, as they would determine if she needed to be placed into short-term treatment, and she stated understanding. A worker in the Access Center called the undersigned officer and confirmed that Ms. Harcum came into the center Wednesday evening, complaining of not feeling safe at home, suicidal ideation, loss of her job, and other depressive symptoms. The worker noted that Ms. Harcum would be transferred to the Mt. Holly location for short-term inpatient rehabilitation. The undersigned officer asked Ms. Harcum when she last went to a session at Oaks Integrated Care and she said Monday, so she missed her Tuesday and Wednesday sessions.

The undersigned officer called Virtua-Mt. Holly on May 17, 2022, to ascertain the level of care Ms. Harcum was receiving at their short-term inpatient rehabilitation center. According to a supervisor at the facility, Ms. Harcum left against medical advice (AMA) on May 15, 2022. Ms. Harcum did not advise the undersigned officer of the same, nor did she return to Oaks Integrated Care for her outpatient sessions after leaving Virtua-Mt. Holly.

3   The individual under supervision has violated the mandatory supervision condition which states **'You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment' and at least two periodic drug tests thereafter, as determined by the Court.'**

Ms. Harcum tested positive for cocaine on July 15, 2022, and the specimen was confirmed positive by laboratory analysis on July 27, 2022. Ms. Harcum stated that she was around "it and touched it for two days straight" and that's the reason for the positive test.

Additionally, the counselor at Creative Change, the treatment center Ms. Harcum attended, informed that she tested positive for cocaine and marijuana on July 28, 2022.

4   The individual under supervision has violated the standard supervision condition which states **'You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.'**

Ms. Harcum was referred to and began residing at a domestic violence shelter for women in Burlington County on June 21, 2022. The undersigned officer spoke with the program coordinator at the shelter, who confirmed Ms. Harcum's admission on that date. On July 21, 2022, Ms. Harcum advised that she had left the shelter and the Burlington County Board of Social Services placed her in a motel in Gloucester County for temporary residence, until permanent housing was found for her. The undersigned officer obtained the address to the motel and

Prob 12C – page 4
Renata J. Harcum

attempted to conduct a visit on two different occasions, and each time, Ms. Harcum advised that she was no longer staying at that location, due to an infestation of roaches. Ms. Harcum did not advise the undersigned officer that she had left that location and that location was never approved or visited by the probation officer.

When questioned as to where she was located, Ms. Harcum advised that she spent most of her time at her boyfriend's mother's house in Burlington. When the undersigned officer attempted to visit Ms. Harcum at that location, she informed that she had misspoke, and did not stay at her boyfriend's mother's home, she slept in her car instead. The undersigned officer attempted to conduct a community visit with Ms. Harcum, in a location she would be sleeping in her car or in a public area, but Ms. Harcum noted that she was sick and would prefer to meet with the undersigned officer either outside of her grandmother's house or at the Trenton courthouse. The undersigned officer is unaware of Ms. Harcum's daily whereabouts and has been unable to conduct community visits with her.

5   The individual under supervision has violated the standard supervision condition which states **'You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.'**

The undersigned officer attempted to obtain Ms. Harcum's location to conduct a home or community visit. Ms. Harcum stated: "I am not giving you my boyfriend's mom's house address. Period. I do not live here, I'm barely here only to shower and catch up on sleep."

As noted in Violation 4, Ms. Harcum stated that she would only meet with the undersigned officer outside of her grandmother's home, or at the Trenton courthouse, in opposition to the condition directive noted above.

6   The individual under supervision has violated the special supervision condition which states **'You must undergo treatment in a mental health program approved by the U.S. Probation Office until discharged by the Court. As necessary, said treatment may also encompass treatment for gambling, domestic violence and/or anger management, or sex offense-specific treatment, as approved by the U.S. Probation Office, until discharged by the Court. The U.S. Probation Office will supervise your compliance with this condition.'**

Ms. Harcum started treatment at Creative Change on June 23, 2022. The undersigned officer met with Ms. Harcum and her counselor at the treatment facility, and her counselor noted she was doing well. However, on July 26, 2022, a letter was provided to the undersigned officer that Ms. Harcum had not been adhering to the attendance rules of the program and would need to get back into compliance. On August 15, 2022, Ms., Harcum was officially discharged from the program, as she had violated the abstinence and attendance contract, due to testing positive for substances and missing sessions.

Prob 12C – page 5
Renata J. Harcum

According to Ms. Harcum, she missed sessions due to the treatment facility being too far away; it was located in Lumberton, which is in Burlington County, where Ms. Harcum had prior advised she spent most of her days. Ms. Harcum informed the undersigned officer that she has since enrolled in treatment at Legacy Treatment Services in Burlington County, which the undersigned officer confirmed on August 18, 2022.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

SUSAN M. SMALLEY, Chief
U.S. Probation Officer

*Tiffany Francis*

By:   TIFFANY A. FRANCIS
U.S. Probation Officer

/ taf
APPROVED:

*Sharon O'Brien   August 26, 2022*
SHARON O'BRIEN           Date
Supervising U.S. Probation Officer

THE COURT ORDERS:

☐ The Issuance of a Warrant
☐ The Summons Issued on May 27, 2022, is hereby Amended. Date of Hearing: _____. (as recommended by the Probation Office)
☐ No Action
☐ Other

_____
Signature of Judicial Officer

8/31/22
_____
Date